IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STANLEY ALLEN SMITH | : | |
| Petitioner | : | |
| v | : | Civil Action No. DKC-05-1218 |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

.o0o.

**MEMORANDUM**

The above-captioned Petition for Expungement was filed on May 3, 2005. Petitioner is currently confined in the Louisiana State Penitentiary, serving a life sentence. He seeks expungement of an arrest record from his FBI record because the arrest did not lead to any charges being filed against him and the inaccurate record may adversely effect his ability to obtain a pardon.

"[F]ederal courts have an inherent power to expunge criminal records when necessary to preserve basic legal rights, under extraordinary circumstances." *United States v. Doe*, 892 F. 2d 1042, 1989 WL 157278 (unpublished) (4th Cir. 1989); *citing United States v. McMains*, 540 F. 2d 387, 390 (8th Cir. 1976) (inherent power of expungement is limited, not to be routinely used, and generally limited to cases of illegal prosecution or acquittal). Petitioner seeks expungement of a record of an arrest by Maryland State Police alleged to have occurred on June 13, 1970. Petitioner explains that he was detained briefly by the state police to determine if he was AWOL from the military. Upon discovering that he was not AWOL, he was released from custody. No charges resulted from his detention, but the incident appears on Petitioner's FBI record as an arrest without disposition.

Although the record that is the subject of this action is an FBI record, it was the Maryland State

Police who detained Petitioner and, presumably, reported same to the FBI. Maryland has a procedure in place for expungement of arrest records that do not result in formal criminal charges. Under Md. Crim. Proc. Code Ann. § 10-103(a),

> A person who is arrested, detained, or confined by a law enforcement unit for the suspected commission of a crime and then is released without being charged with the commission of a crime may:
>
>> (1) give written notice of these facts to a law enforcement unit that the person believes may have a police record about the matter; and
>>
>> (2) request the expungement of the police record.

Petitioner contacted the Maryland State Police and requested expungement of the record and received a letter, dated February 2, 2005, from the Expungement Unit of the Maryland Department of Public Safety and Correctional Services, Information Technology and Communications Division explaining that they could not advise Petitioner as to whether or not he would be eligible for an expungement. Paper No. 1 at Ex. B. Petitioner was further advised that he had a right to petition "the court for the expungement of a police or court record." *Id*. Under Md. Crim. Proc. Code Ann. § 10-103(f), if the law enforcement agency denies the request for expungement of a police record, "the person may apply for an order of expungement in the District Court that has proper venue against the law enforcement unit[1]." The application must be filed within 30 days after the written notice of denial is mailed. *Id*. The letter from the Expungement Unit is ambiguous inasmuch as it does not clearly deny a request for expungement. In an apparent effort to

---

[1] In this case the alleged arrest occurred in Pikesville, Maryland, located in Baltimore County. The State District Court for that area of Baltimore County is located at the following address: 120 E. Chesapeake Avenue, Towson, MD 21286-5307.

follow the directives provided, Petitioner's wife contacted a Maryland State District Court and was informed the petition should be filed in this Court. Paper No. 1 at Ex. C.

While the advice provided to Petitioner and his wife is troubling, it does not appear that Petitioner has actually availed himself of the expungement procedure established in Maryland. The letter sent to Petitioner by the Expungement Unit indicates that no specifics were provided regarding the record Petitioner seeks to have expunged, and there is no indication that a request for expungement has been denied. To the extent that no specific request for expungement was made by Petitioner to the proper law enforcement agency, the 30 days within which to petition the appropriate state district court has not yet expired. Absent more evidence that Petitioner has availed himself of the state expungement procedure, there are no extraordinary circumstances present in this case warranting an order of expungement from this Court.

In the event that Petitioner has neglected to provide that evidence, he will be provided 30 days within which to supplement his petition indicating any further steps he has taken to comply with the state expungement procedure. Alternatively, Petitioner may supplement his petition with an explanation as to why this Court should find extraordinary circumstances warranting an order of expungement. A separate Order follows.

 May 11, 2005                                        /s/
Date                                         DEBORAH K. CHASANOW
                                             United States District Judge

3